```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| SERIGNE ET AL. | CIVIL ACTION |
| VERSUS | NO: 10-3891 |
| LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC. ET AL. | SECTION: J(1) |

**ORDER AND REASONS**

Before the Court are Plaintiffs Lionel and Joan Serigne's ("the Serignes") **Motion to Remand (Rec. Doc. 6)**, Defendants BP Exploration & Production Inc., BP America Inc., and BP Products North America, Inc.'s (collectively "BP") **Opposition (Rec. Doc. 8)**, and Defendant Loupe Construction and Consulting Company, Inc.'s ("Loupe") **Consent to Removal (Rec. Doc. 15)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiffs filed a lawsuit in the Thirty-Fourth District Court for the Parish of St. Bernard, State of Louisiana, against Defendants Loupe and BP on September 3, 2010. Plaintiffs' petition alleges that they are the owners of Serigne's Boat Launch in Delacroix, that they own approximately four to five acres of ground, that they provide parking facilities for commercial and sport fishers, and that they have 140 feet of dock on Bayou Terre Aux Boeufs, and two boat ramps.

Plaintiffs allege that they were approached by Harland Ross ("Ross") and Paul Loupe, both of whom they believed represented BP. It was Plaintiffs' understanding that these two

1

representatives sought to lease Plaintiffs' land and use it as the staging area for BP to place boom and work the oil spill. Further, Plaintiffs allege that they reached an oral agreement with Ross and Loupe that their land would be leased for $3,000 per day (presumably by BP). Plaintiffs consented to the immediate occupation of their land, and they explain that they learned that Paul Loupe represented Defendant Loupe and that Ross represented Defendant BP only *after* their land was occupied.

Presently, Plaintiffs contend that Loupe and BP were "playing a shell game, neither disclosing their full relationship and responsibilities concerning the oral lease nor the requirements under the lease nor any confirmation in writing of the agreed rent for the facility." Plaintiffs filed suit against Defendants for breach of the oral lease and for violation of Louisiana's Unfair Trade Practices and Consumer Protection Law.

## THE PARTIES' ARGUMENTS

Plaintiffs explain that Defendant BP removed this action to federal court on the basis of diversity jurisdiction, which requires complete diversity and an amount in controversy which exceeds $75,000. However, Plaintiffs contend that complete diversity does not exist because of the presence of Loupe, who is a citizen of Louisiana–just like Plaintiffs.

Furthermore, Plaintiffs argue that they have a valid claim against Defendant Loupe. The test for improper joinder, as explained by Plaintiffs, is whether the defendant has

demonstrated that there is not possibility of recovery by plaintiffs against an in-state defendant. <u>Smallwood v. Ill. Cent. R.R.</u>, 385 F.3d 568, 573 (5th Cir. 2004). Plaintiffs maintain that BP is unable to prove under the terms of the oral lease that Loupe was not a co-lessee or co-obligor. Plaintiffs provide the following facts to support their position: (1) Loupe paid and/or reimbursed Plaintiffs for the fuel used at the staging area, and (2) Paul Loupe had an integral role in selecting the property, approving the property, negotiating the lease, and directing the activities on the leased property.

    In its Opposition, BP responds that Plaintiffs' allegations do not establish a reasonable possibility of recovery against Loupe. BP contends that Plaintiffs only allege their "information and belief" that Loupe "was a co-contractor with BP" and a "co-obligor on the lease." Citing La. Civ. Code art. 1927, BP asserts that liability on an alleged lease requires, at a minimum, Loupe's consent established by offer and acceptance. According to BP, the presence of Paul Loupe on the property while working for BP does not suggest that Loupe became a co-lessee or co-obligor.

    Likewise, BP takes the position that Plaintiffs fail to state a claim against Loupe for violation of Louisiana's Unfair Trade Practices Act, which prohibits practice that "offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious." <u>Lilawanti Enters. Inc. v. Walden Book Co.</u>, 670 So. 2d 558, 561 (La. App.

4th Cir. 1996). BP claims that Plaintiffs have not alleged any action or inaction by Loupe that comes close to offending "established public policy."

BP points to documents prepared by Plaintiffs, in which they refer to the lease solely belonging to BP. Additionally, BP points to the affidavit of Alvin Paul Loupe, in which Loupe makes many assertions, including: (1) he never offered to lease real property owned by Plaintiffs, nor did he have discussions with Plaintiffs about leasing their property; (2) he did not lease any property in connection with Loupe's work for BP from Plaintiffs, nor did he negotiate any leases with Plaintiffs; (3) he never told Plaintiffs that a lease was being prepared or that a lease was in the mail; (4) he did not ask Plaintiffs to install an electric meter or electric lines, nor did he use any electricity that was billed to Plaintiffs; (5) Harlard Ross is not an employee or agent of Loupe, nor has Ross been authorized to represent Loupe; and (6) Loupe was not a co-obligor or co-lessee with BP or any BP entity on any lease with Plaintiffs. BP contends that although Loupe did pay for fuel, Loupe has fully paid all of the fuel bills it has received from Plaintiffs, and therefore, Loupe is not liable for any additional monies.

Defendant Loupe filed a separate notice to inform the Court that it consents to removal on the grounds that it was improperly joined as a defendant.

## DISCUSSION

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. See 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

The test for improper joinder is whether the defendant has demonstrated that there is not possibility of recovery by plaintiffs against an in-state defendant. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). The Court finds that in the instant case, Defendant BP has demonstrated that Plaintiffs cannot recover against Defendant Loupe. Accordingly, diversity jurisdiction exists, and Plaintiffs' Motion to Remand is denied.

To support their position that Defendant Loupe was a properly joined defendant, Plaintiffs provide the following facts: (1) Loupe paid and/or reimbursed Plaintiffs for the fuel used at the staging area, and (2) Paul Loupe had an integral role in selecting the property, approving the property, negotiating the lease, and directing the activities on the leased property. However, BP's Opposition demonstrates that Loupe was not a party

5

to the lease-rather that Loupe was merely present during the formation of the alleged oral contract between Plaintiffs and Defendant BP. See, e.g., Pearl River Basin Land and Development Co., L.L.C. v. State, 29 So. 3d 589, 593 (La. App. 1st Cir. 2009) (explaining that a party's "mere presence at the meetings between [contracting parties] is not sufficient to make [it] a party to any contract").

In light of BP's Opposition, Plaintiffs' facts are insufficient to show a reasonable possibility of recovery against Defendant Loupe. Instead, Plaintiffs merely explain that they held a mistaken view that Loupe was a party to the contract-a view that has been adequately dispelled by BP's submission, including the Paul Loupe's sworn affidavit. Furthermore, the fact that Loupe paid for fuel does not establish a lease relationship. Loupe has demonstrated that it has no outstanding fuel bills-and Plaintiffs have not produced any. The Court therefore finds that Plaintiffs have failed to allege sufficient facts to sustain a breach of contract cause of action against Defendant Loupe. Likewise, the Court finds that Plaintiffs have failed to allege any action or inaction by Loupe that comes close to offending "established public policy" under Louisiana's Unfair Trade Practices Act.

Accordingly, **IT IS ORDERED** that Plaintiffs' allegations against Defendant Loupe are **DISMISSED** and further that

Plaintiffs' **Motion to Remand (Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 20th day of January, 2011.

_____
**Carl J. Barbier**
**U.S. District Judge**

7