```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


SERIGNE ET AL.                              CIVIL ACTION

VERSUS                                      NO: 10-3891

LOUPE CONSTRUCTION AND                      SECTION: J(1)
CONSULTING COMPANY, INC. ET
AL.
```

**ORDER AND REASONS**

Before the Court are Defendants BP Exploration & Production Inc., BP America Inc., and BP Products North America, Inc.'s (collectively "BP") **Motion to Dismiss Unfair Trade Claims (Rec. Doc. 24)**, Plaintiffs Lionel and Joan Serigne's ("the Serignes") **Opposition (Rec. Doc. 25)**, Defendants' **Reply in Support (Rec. Doc. 29)**, and Plaintiffs' **Reply in Opposition (Rec. Doc. 30)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiffs' petition alleges that they are the owners of Serigne's Boat Launch in Delacroix, that they own approximately four to five acres of ground, that they provide parking facilities for commercial and sport fishers, and that they have 140 feet of dock on Bayou Terre Aux Boeufs, and two boat ramps.

Plaintiffs contend that they had an oral agreement with Defendants that their land would be leased for $3,000 per day to be used in BP's clean-up efforts. Plaintiffs allege that Defendants breached their oral lease and violated Louisiana's

1

Unfair Trade Practices and Consumer Protection Law.

## THE PARTIES' ARGUMENTS

Defendant BP argues that Plaintiffs' allegations that BP breached a verbal lease do not state a claim for relief under Louisiana's Unfair Trade Practices Act for two reasons. First, Defendants contend that Plaintiffs have not and cannot allege any act in the conduct of trade or commerce because Plaintiffs have not alleged that BP advertised, sold, distributed, or offered anything for sale or distribution. They cite Webb v. Theriot, 704 So. 2d 1211, 1215 (La. App. 3d Cir. 1997) for support, which held that the Unfair Trade Practices Act did not apply to a lease dispute because the lease and sublease of hunting property did not fall within the definition of trade or commerce.

Second, Defendants argue that Plaintiffs have not and cannot allege any act that violates public policy or otherwise rises to the level of egregious conduct prohibited under the Act. According to Defendants, the Louisiana Unfair Trade Practices Act does not simply offer a remedy for simple breaches of contract; rather, it prohibits practice that "offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Brown v. Romero, 922 So. 2d 742, 747 (La. App. 3d Cir. 2006). Furthermore, Defendants argue that Plaintiffs' speculation that BP owes lease payments to other entities does not cure a failure to state a claim under the Act, as the Act expressly limits the right of action to persons

2

who may bring an action individually but not in a representative capacity.

Plaintiffs counter that they leased their property to Defendants (and suspended their own business) with the impression that they would receive $3,000 per day. Plaintiffs argue that Defendants verbally agreed to this amount and continued to mislead Plaintiffs that they would indeed pay $3,000 per day. This is the conduct that Plaintiffs argue fits within the Louisiana Unfair Trade Practices Act. Only after it became apparent to Plaintiffs that BP would not honor the oral lease (four months after BP occupied Plaintiffs' property) did Plaintiffs attempt to evict BP.

Furthermore, Plaintiffs distinguish the instant facts from those in Webb v. Theriot, where the court concluded that a hunting lease did not fall within the definition of trade or commerce. Plaintiffs argue that they had a commercial boat launch operation and conducted major economic activity–distinguishable from a hunting lease between a landowner and a hunter.

## DISCUSSION

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be

3

simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 129 S.Ct. at 1949-50.

The Louisiana Unfair Trade Practices Act prohibits "[u]nfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce." La. Rev. Stat. § 51:1405(A). The Court finds that Plaintiffs have not alleged sufficiently egregious conduct by Defendant to amount to a violation of the Louisiana Unfair Trade Practices Act. The Louisiana Supreme Court cited the Fifth Circuit and offered an explanation of prohibited conduct under the Act:

> Finally, the statute does not provide an alternate remedy for simple breaches of contract. There is a great deal of daylight between a breach of contract claim and the egregious behavior the statute proscribes.

4

Cheramie Servs., Inc. v. Shell Deepwater Production, Inc., 35 So. 3d 1053, 1060 (La. 2010) (citing Turner v. Purina Mills, Inc., 989 F.2d 1419, 1422 (5th Cir. 1993)). While Plaintiffs have alleged a breach-of-contract claim, Plaintiffs have not alleged accompanying conduct that would suggest Defendant acted unlawfully or with improper means or with other behavior that would fall within the proscribed conduct of the statute. Plaintiffs merely allege that Defendant failed to pay what Defendant promised to pay. In other words, Plaintiffs allege a simple breach-of-contract claim.

Although Plaintiffs attempt to plead a violation by arguing that they were deceived by BP's failure to provide a written lease reflecting their agreed rent, the Court agrees with Defendant that the failure to agree to final written lease terms is not fraud. See Johnson v. Unopened Succession of Alfred Covington, Jr., 969 So. 2d 733, 742 (La. App. 2d Cir. 2007) ("The mere failure to do what one promises to do in order to induce another to sign a contract is not fraud but a mere breach of promise.") Even if Plaintiffs' Complaint alleged that Defendant made intentional misrepresentations–which it does not, those allegations would not be sufficient to transform Plaintiffs' claim into an unfair trade case. See Shaw Industries, Inc. v. Brett, 884 F. Supp. 1054, 1058 (M.D. La. 1994) (dismissing the Unfair Trade Practices claim even though plaintiffs asserted intentional misrepresentations because the relationship of the

5

parties and the nature of their agreement was more akin to a breach-of-contract dispute). Accordingly, Plaintiffs have failed to properly plead a violation of the Louisiana Unfair Trade and Practices Act.

Because the Court finds that Plaintiffs have failed to allege sufficiently egregious conduct to amount to a violation of the Act, the Court need not reach Defendant's first argument regarding commercial activity.

**IT IS ORDERED** that Defendants' **Motion to Dismiss Unfair Trade Claims (Rec. Doc. 24)** is **GRANTED**.

New Orleans, Louisiana, this 23rd day of March, 2011.

**Carl J. Barbier**
**U.S. District Judge**